```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

**CAROLL A. DEAR**                                              **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:08-cv-548-WHB-LRA

**DR. CLAUDIA MASON; DR. RONALD MASON;**
**DR. VELVELYN FOSTER; DR. DOLLYE ROBINSON;**
**BRENDA STEWART, Individually, and**
**JACKSON STATE UNIVERSITY**                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, Dr. Claudia Mason, to Dismiss. Having considered the Motion, Response, Reply, as well as supporting and opposing authorities, the Court finds the Motion should be granted in part, and denied in part, and that Plaintiff should be granted leave to amend her complaint.

### I. Factual Background and Procedural History

In May of 1999, Plaintiff, Caroll Dear ("Dear"), began working as a secretary in the ROTC Department of Defendant, Jackson State University, ("JSU"). Dear alleges that while employed, she gave a statement to the Department of the Army as part of an investigation concerning inappropriate sexual conduct between Defendant, Dr. Claudia Mason ("Mason"), and a female cadet. According to Dear, the statement she gave concerned what she perceived to be sexual harassment of a student by her supervisor. Sometime thereafter, Dear's employment was terminated.

On September 2, 2008, Dear filed a lawsuit in this Court against Mason, Dr. Ronald Mason, Dr. Velvelyn Foster, Dr. Dollye Robinson, and Brenda Stewart.  In her Complaint, Dear alleged that the conduct referenced above constituted a violation of 42 U.S.C. §§ 1981 and 1983 as well as the First Amendment to the United States Constitution.  Dear also claimed that the referenced conduct constituted unlawful retaliation in so far as her employment was terminated after she spoke out on a matter of public concern.

On September 4, 2008, Dear filed an Amended Complaint naming JSU as an additional defendant.  In her Amended Complaint, Dear renewed her claims alleging violations of 42 U.S.C. § 1983 and the First Amendment, withdrew her claim under 42 U.S.C. § 1981, and alleged that her lawsuit was "authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964."

Mason has now moved for the dismissal of Dear's claims under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**II.  Discussion**

Mason has moved for the dismissal of Dear's Title VII claim on the grounds that Dear was an employee of JSU, and that a Title VII claim cannot be brought against a supervisor.  See Mem. in Supp. of Mot. to Dismiss [Docket No. 37] at 1–2, 3 n.1.  In response, Dear concedes that Mason is entitled to a judgment as a matter of law on her Title VII claim because she did not name Mason or the United

States Army in her Charge of Discrimination.  See Mem. in Supp. of Resp. to Mot. to Dismiss, at 2.  Based on Dear's concession, the Court finds that Mason's motion to dismiss Dear's Title VII claim should be granted.

Mason also moves for the dismissal of Dear's 42 U.S.C. § 1983 claim on grounds including, *inter alia*, that Dear failed to allege that Mason was acting under the color of state law when her constitutional rights were allegedly violated, and that Mason is protected from suit under the doctrine of qualified immunity.  In response, Dear first requests leave to amend her complaint "to cure the deficiencies in her complaint."  See Mem. in Supp. of Resp. to Mot. to Dismiss, at 18.  Specifically, Dear requests leave to amend her complaint to state: (1) whether Mason is being sued in her individual capacity, (2) that Mason was acting as a state actor when she deprived Dear of a federal right, (3) that Mason was acting within the course and scope of her employment when "she spearheaded the effort to terminate" Dear's employment, and (4) that Mason was personally involved in Dear's termination.  Id.

With regard to a request for leave to amend, the United States Court of Appeals for the Fifth Circuit has held:

> Under Rule 15(a) [of the Federal Rules of Civil Procedure], "leave to amend shall be freely given when justice so requires," and should be granted absent some justification for refusal. Foman v. Davis, 371 U.S. 178, 182 (1962).  The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, ..." Foman, 371 U.S. at 182.

Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 386 (5th Cir. 2003)(alterations in original). Leave to amend, however, "may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile." Id. at 387 (citing Foman, 371 U.S. at 182). In this case, the Court finds that there has not been any bad faith or undue delay by Dear in seeking to amend her complaint, she has not repeatedly failed to cure deficiencies through prior amendments, and Mason would not be prejudiced if the amendment was permitted as the case has been stayed as to her. Additionally, although Mason argues that the request for leave to amend should be denied because the proposed amendments would be futile, the Court cannot make such finding on the pleadings before it. Accordingly, the Court finds that Dear should be granted leave to amend her complaint. This leave, however, will be limited in scope to allow Dear to amend only the factual allegations in her complaint with regard to Mason on the issues of whether Mason is being sued in her individual capacity, whether Mason was acting as a state actor when she deprived Dear of a federal right, whether Mason was acting within the course and scope of her employment when "she spearheaded the effort to terminate" Dear's employment, and whether Mason was

4

personally involved in Dear's termination. Dear will not be permitted to amend her allegations with respect to any of the other named defendants in this case, and will not be permitted to allege any additional causes of action. Based on the granting of Dear's request to amend her complaint, the Court will presently deny Mason's motion to dismiss Dear's Section 1983 and First Amendment claims without prejudice. In the event Dear fails to file an amended complaint within the time period permitted by the Court, Mason may renew her motion to dismiss.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Dr. Claudia Mason to Dismiss [Docket No. 36] is hereby granted in part and presently denied in part without prejudice.

To the extent the subject motion seeks dismissal of the Title VII claim alleged against Dr. Claudia Mason, the motion is granted.

To the extent the subject motion seeks dismissal of the 42 U.S.C. § 1983 and First Amendment claims alleged against Dr. Claudia Mason, the motion is presently denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff is hereby granted leave to amend her complaint. The leave is limited to permitting Plaintiff to amend her factual allegations regarding Dr. Claudia Mason on the issues of whether Dr. Claudia Mason is being sued in

5

her individual capacity, whether Dr. Claudia Mason was acting as a state actor when she allegedly deprived Plaintiff of a federal right, whether Dr. Claudia Mason was acting within the course and scope of her employment when "she spearheaded the effort to terminate" Plaintiff's employment, and whether Dr. Claudia Mason was personally involved in Plaintiff's termination. Plaintiff will not be permitted to amend her allegations with respect to any of the other named defendants in this case, and will not be permitted to allege any additional causes of action.

IT IS FURTHER ORDERED that Plaintiff is required to file her amended complaint on or before April 9, 2010. In the event Plaintiff fails to file an amended complaint on or before this date, Dr. Claudia Mason may move to renew her prior motion to dismiss by filing a notice seeking such renewal with the Clerk of Court.

SO ORDERED this the 31st day of March, 2010.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE